CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 27 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ANDREW BRADLEY DRUMHELLER, | ) | CASE NO. 3:06CV00010 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| CENTRAL VIRGINIA ELECTRIC | ) | |
| COOPERATIVE, | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |
| Defendant. | ) | |

Before the court is defendant's June 16, 2006 motion to dismiss plaintiff's amended complaint under FED. R. CIV. P. 12(b)(6). The motion is before the court under the authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations with regard to disposition of the motion. For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING defendant's motion to dismiss as to plaintiff's Family Medical Leave Act claim, but DENYING the motion as to plaintiff's Americans With Disabilities Act claims.

**PARTIES AND CLAIMS**

Plaintiff filed this action against Central Virginia Electric Cooperative (hereinafter "CVEC" or "defendant") alleging that defendant violated his rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12131 et seq. and the Family Medical Leave Act, 29 U.S.C. § 2600 et seq. when defendant failed to allow him to return to work with a reasonable accommodation in an effort to force him out of his job and avoid providing him with a reasonable accommodation, and upon his return, failing to reinstate him in his prior position. In support of these claims, the amended complaint sets forth detailed factual allegations which will

be taken as true and summarized more fully below.

## FACTUAL BACKGROUND

Plaintiff, who suffers from syringo melia, a tethering of the spinal cord which allows fluid to drain into the spinal cord, began working at CVEC in August 1998 as an accountant. As a result of this impairment plaintiff has lost strength in his right side, is unable to do any heavy lifting or straining and must self-catheterize two times a day. In order to walk, plaintiff must wear half-leg braces and use a cane. Even then, he is unable to walk more than fifty yards at a time without resting, and he experiences difficulty negotiating stairs.

From the date he was hired in August 1998 until February 2004, plaintiff's medical impairment did not interfere with his ability to perform his job. In February 2004, however, plaintiff experienced severe left side pain, which did interfere with his ability to work. As a result, on March 4, 2004, he was placed on short term disability.

Even though plaintiff was still experiencing severe pain, by July 2004, he felt well enough to return to work and, therefore, informed his supervisor that he could return to work on August 1, 2004. At that time, he advised his supervisor that, though he was returning to work, he would need to have between five and six hours of physical therapy each week for a month. Plaintiff's supervisor suggested that he remain off through the month of August, which would allow him time to complete his rehabilitation. He followed that suggestion.

On August 26, 2004, plaintiff informed his supervisor that he had been medically cleared without restriction, anticipating that he would return to work on September 1, 2004. However, plaintiff's supervisor informed him that she first needed to speak to his physician to confirm whether there were any limitations or restrictions on his ability to return to work.

According to the amended complaint, the supervisor then spent most of September seeking responses from plaintiff's physicians to various questions and, then, having those responses reviewed by CVEC's legal counsel. On September 28, 2004, the supervisor called plaintiff to inform him the review had been completed, and that because plaintiff had been absent from his job for such an extended period of time, his job responsibilities had been passed to other employees. Thus, upon return, plaintiff would be placed in an hourly accounting clerk position. Plaintiff was told that should his old position as a salaried accountant become available, he could reapply for it at that time.

Plaintiff returned to work on September 29, 2004. He learned that, after August 1, 2004, when he had informed his supervisor that he was able to return to work, someone had been hired to perform most of the duties he previously had performed as a salaried accountant.

The parties do not dispute that, all together, plaintiff's leave lasted from March 4, 2004 through September 28, 2004, or some 29 weeks. Moreover, plaintiff does not challenge the fact that more than 12 weeks had elapsed between his taking leave and his call on August 1, 2004 informing his supervisor of his readiness to return to work.

## CONTENTIONS OF THE PARTIES

### ADA Claims

#### *Defendant*

Defendant argues that plaintiff has failed to state any claim under the ADA because he does not allege that his medical condition *substantially* limits any of his major life activities, or that he is "disabled" or a "qualified individual" under the ADA. Defendant suggests that plaintiff's contention that "he had no problems with his condition, which would have interfered

3

with his work" prior to 2004 actually undermines his argument that his condition is substantially limiting.[1] (Motion to Dismiss, p. 4.) In sum, defendant suggests that, because plaintiff has not sufficiently alleged that he is a disabled person covered by the ADA, he has failed to state an ADA claim.

*Plaintiff*

Plaintiff argues that he has sufficiently laid out facts demonstrating that he suffers from a condition which limits a major life activity. Specifically, plaintiff argues that the amended complaint alleges substantial limitations on his daily life in his limited ability to walk, the loss of strength in his left side, the need to self-catherize twice a day, and preclusion from activities requiring lifting or straining. Plaintiff argues that the amended complaint makes reference to an ADA violation and incorporates by reference all matters contained within his Equal Employment Opportunity Commission ("EEOC") complaint[2]. Moreover, plaintiff points out that he has used the phrase "limit his daily activity," a term of art for an ADA claim. Plaintiff suggests that alleging he is a "qualified individual with a disability" is not a requisite for stating an ADA claim, as the ADA requires only that a plaintiff is substantially limited in his ability to perform daily activities.

---

[1] The amended complaint is not a model of clarity. The best the undersigned can discern from it is that COUNT ONE asserts an ADA violation for not reinstating plaintiff to his previous position "with a reasonable accommodation," and COUNT TWO asserts an ADA violation because the defendant engaged in course of conduct designed to force plaintiff out of his position.

[2] Defendant notes that although the amended complaint states that the EEOC charge was attached to the amended complaint, it actually was not attached. Defendant contends that whether plaintiff effectively has incorporated the EEOC charge is not relevant because the charge does not contain information about plaintiff's alleged impairment, nor does it claim that plaintiff was "substantially limited" or a "qualified individual." (Defendant's Reply, p. 1 n.1.)

4

## FMLA Claim

### *Defendant*

Defendant argues that plaintiff had no right to reinstatement because, at the time his twelve weeks of FMLA leave had expired, he remained physically unable to perform essential functions of his job. Moreover, by his own admission, plaintiff did not attempt to return to work until August 2004, many weeks past the expiration of the twelve week period granted under the FMLA. Defendant contends that because plaintiff was unable to perform essential functions of his position at the end of the twelve week period, he had no right to be restored to his position under the Act. Defendant takes the position that, according to the facts alleged, plaintiff actually received all the FMLA benefits to which he was entitled, and that COUNT THREE fails to state a FMLA claim for failure to reinstate him.

### *Plaintiff*

Plaintiff argues that although he was not able to and did not return to work before the expiration of the twelve week period, his FMLA claim is not foreclosed because he has alleged that defendant intentionally delayed his eventual return in order to fill his job with another employee. Plaintiff believes his FMLA rights extend beyond the twelve week period because: 1) the defendant treated him as though he remained covered by the FMLA and entitled to reinstatement when he requested reinstatement originally in July; and 2) the defendant willfully delayed reinstatement to ensure that he did not return to his job until a replacement had been hired. Plaintiff takes the position that had his job been filled before he requested reinstatement, his claim would be foreclosed, but because his job was available at the time he sought a return to work, and his supervisor intentionally deceived him into taking additional leave, he should be

5

entitled, under the FMLA, to return to his position.

## STANDARD OF REVIEW

In assessing any motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must construe the plaintiff's pleading liberally, taking all facts alleged in the complaint as true and resolving all doubts and drawing all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lambeth v. Board of Commissioner of Davidson County, North Carolina*, 407 F.3d 266, 268 (4th Cir. 2005). The burden rests upon the defendant to demonstrate beyond doubt that the plaintiff can prove no set of facts to support the claim for relief asserted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lambeth*, 407 F.3d at 268.

### Americans With Disabilities Act

Plaintiff has the burden of alleging and proving: (1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing his job at a level which met the employer's legitimate expectations; and (4) the circumstances under which he was discharged give rise to a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001). An employee may show that he/she is within the ADA's protected class if the employee is "disabled." *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 467 (4th Cir. 2002).

Determining whether a person is disabled under the ADA is an individualized inquiry to be decided by the court. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999); *Heiko v. Colombo*, 434 F.3d 249, 254 (4th Cir. 2006); *E.E.O.C. v. Sara Lee Corp.*, 237 F.3d 349, 352 (4th Cir. 2001). Disability can be established if the evidence demonstrates, *inter alia*, that plaintiff suffers a physical or mental impairment which, even when mitigating measures are taken,

6

"substantially limits one or more of [his] major life activities." 42 U.S.C. § 12102(2)(A); *Sutton*, 527 U.S. at 497; *Heiko*, 434 F.3d at 254; *Sara Lee Corp.*, 237 F.3d at 352. Although the phrase "major life activities" is not defined by the ADA, the term has been interpreted to refer to those activities of central importance to daily life that the average person would be able to perform with little or no difficulty. *Heiko*, 434 F.3d at 254-55. The EEOC defines major life activities as those "functions such as caring for oneself, performing manual tasks, *walking*, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *Heiko*, 434 F.3d at 255 (emphasis added).

If an employee is disabled under the ADA, the employer must make "reasonable accommodations," unless the employer can show that the accommodation would impose an undue hardship. 42 U.S.C. § 12112(b)(5)(A); *Sara Lee Corp.*, 237 F.3d at 353. However, the employer's provision of a reasonable accommodation does not require it to "abandon a legitimate and non-discriminatory company policy." *Sara Lee Corp.*, 237 F.3d at 353-354.

**Family Medical Leave Act**

The Family Medical Leave Act, 29 U.S.C. § 2601 et seq., entitles a covered employee with "a serious health condition that makes the employee unable to perform the functions of the position of such employee" up to twelve weeks of unpaid leave. 29 U.S.C. § 2612(a)(1)(D). An employee who takes such leave must be restored to his former position or an equivalent position upon return from leave. 29 U.S.C. § 2614(a)(1); *see Farina v. Compuware Corp.*, 256 F.Supp2d 1033, 1054 (D. Ariz. 2003).

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

7

### Americans With Disabilities Act

The undersigned believes, and counsel for defendant agreed at the hearing, that the best pleading practice calls a plaintiff to set forth in a complaint both statutory "buzz" words containing the legal elements of a statutory claim and facts sufficient to demonstrate substance behind those "buzz" words. While there is no enhanced pleading standard applicable to ADA claims, "magic" or "catch" words without any alleged factual underpinning may disclose the hollowness of a complaint and may not be sufficient to survive a motion to dismiss. *See Bass v. E.I. DuPont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). By the same token, where the complaint alleges facts sufficient to demonstrate both jurisdiction of the court and the threshold elements of an ADA claim, even in the absence of "buzz" words, the complaint should be construed as sufficient to set forth a claim under the ADA. This is particularly so where, as in all cases in which the court must determine the merits of a motion to dismiss under Rule 12, the allegations are taken as true and all inferences are drawn in favor of the non-moving party.

Here, the alleged facts are sufficient to show that plaintiff suffers a physical impairment which, when mitigating measures were taken, substantially limited his ability to walk if not perform basic excretion, which are major life activities under the ADA. The undersigned, therefore, finds that the allegations in plaintiff's amended complaint are sufficient to state ADA claims as set forth in COUNT ONE and COUNT TWO.

### Family Medical Leave Act

To put a spin on the famous quotation by Yogi Berra, who said "It ain't over til it is over," one might say under the FMLA, "When it's over, it's over." At the earliest, plaintiff

attempted to return to work on September 1, 2004, which is more than thirteen weeks after his FMLA leave had expired. The undersigned has not been able to find where this issue has been addressed in this Circuit, but the undersigned believes that, once the twelve week period has expired, the time to claim entitlement to benefits under the FMLA cannot be enlarged or recaptured because no violation of the Act has occurred within the statutory benefit period. *See, e.g., Farina*, 256 F.Supp2d at 1054; *Bender v. City of Clearwater*, 2006 WL 1046944, at *11 (M.D. Fla. April 19, 2006); *Allen v. SAIF Corp.*, 2005 WL 708402, at *4 (D. Or. March 29, 2005); *Felder v. Winn-Dixie Louisiana, Inc.*, 2003 WL 22966364, at *6 (E.D. La. December 16, 2003). Even when viewed in a light most favorable to him, the allegations plaintiff sets forth in COUNT THREE of plaintiff's amended complaint concerning notification of the employer of plaintiff's readiness to return to work and the employer's conduct thereafter both fall beyond the twelve week leave period under the FMLA.[3] Thus, plaintiff fails to state a FMLA claim upon which relief can be granted.

**SUMMARY**

For the forgoing reasons, the undersigned RECOMMENDS that an order enter GRANTING defendant's motion to dismiss plaintiff's Family Leave Medical Act claim set forth in COUNT THREE, but DENYING the motion as to plaintiff's Americans With Disabilities Act claims set forth in COUNT ONE and COUNT TWO.

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman

---

[3] Defense counsel acknowledged during the hearing that had plaintiff's request to return to work been made before the expiration of his FMLA leave, hypothetically a different result might obtain. He reminded the court, however, that was not the case here.

9

K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

Date: July 27, 2006