CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 18 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK



# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

ANDREW BRADLEY DRUMHELLER,

*Plaintiff,*

v.

CENTRAL VIRGINIA ELECTRIC COOPERATIVE,

*Defendant.*

CIVIL ACTION NO. 3:06-CV-00010

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed on June 16, 2006. Pursuant to 28 U.S.C. § 636, this motion was referred to United States Magistrate Judge B. Waugh Crigler for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his Report and Recommendation on July 27, 2006, recommending that the Court grant Defendant's motion as to Plaintiff's Family Medical Leave Act claim but deny it as to Plaintiff's Americans With Disabilities Act claim. Defendant filed objections to the Report on August 7, 2006. Said objections having been timely and appropriately lodged, this Court must undertake a *de novo* review with respect to those portions of the Report to which objections were made. 28 U.S.C.A. § 636(b)(1); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the objections, the supporting memoranda, the applicable law, the documented record, and the Report and Recommendation, this Court shall overrule all objections, adopt the Report and

Recommendation, and order that Defendant's motion be granted in part and denied in part.

## I

Plaintiff Andrew Bradley Drumheller ("Drumheller" or "Plaintiff") filed suit against Central Virginia Electric Cooperative ("CVEC" or "Defendant") alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et. seq.*, ("ADA") and the Family Medical Leave Act, 29 U.S.C. § 2600 *et. seq.*, ("FMLA"). According to the complaint, Plaintiff suffers from a condition called Syringomyelia, which requires him to use half-leg braces and a cane to assist him in walking, makes his right side weaker than his left, renders him unable to do any lifting or straining, and requires him to self-catheterize twice a day. Even with the leg braces and cane, he can walk no more than fifty yards at a time without resting and has difficulty climbing and descending stairs. He was hired by Defendant as an accountant in 1998, and from that time until February of 2004 his condition did not interfere with his work. In February of 2004, however, he began having severe pain in his left side and was put on short-term disability on March 4, 2004. In late July, he told his supervisor that he would be able to return to work on approximately August 1 but would need physical therapy for a month more. His supervisor told him to remain out until his physical therapy was completed. In late August he told his supervisor that he had been medically cleared and anticipated returning to work on September 1. His supervisor, however, told him the she first needed to speak with his physician to confirm whether he had any limitations or restrictions on his ability to work, and that when he returned he would be an hourly rather than salaried employee. After questioning his physicians throughout the month of September, Plainitff's supervisor informed him that he had been gone from him position too long and his responsibilities had been given to other employees. He was allowed to

return to work for CVEC as an accounting clerk with the chance to reapply for his old job, should it become available. Plaintiff later learned that someone had been hired to perform most of his previous duties after he spoke with his supervisor on August 1, 2004.

Plaintiff claims Defendant violated the ADA by (1) refusing to allow him to return to work on August 1, 2004 with a reasonable accommodation, and (2) conducting "the whole process" from his request to return to work onward with the aim of forcing Plaintiff out of his job. Plaintiff also argues that Defendant violated the FMLA by refusing to allow him to return to his job.

## II

Defendant argues that the Magistrate Judge erred in determining that Plaintiff sufficiently alleged disability under the ADA. Because Plaintiff did not specifically state that he was disabled or that his impairment limits a major life activity, nor did he provide sufficient details of his condition for the court to infer that he is disabled, Defendant argues that Plaintiff's ADA claim must be dismissed..

To set out a prima facie case of an ADA violation, Plaintiff must show that (1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing his job at a satisfactory level; and (4) the circumstances of his discharge give rise to a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001). One is within the protected class if one is a qualified individual with a disability. *Id.*; 42 U.S.C. § 12112. A disability is a physical or mental impairment that substantially limits one or more major life activities, 42 U.S.C. § 12112(2); *Haulbrook*, 252 F.3d at 703. Major life activities are "those activities that are of central importance to daily life," and

that the average person can perform with little or no difficulty. *Rohan v. Networks Presentations, L.L.C.*, 375 F.3d 266, 274 (4th Cir. 2004) (citation omitted). Walking and performing manual operations are among the major life activities as defined by the EEOC. 29 C.F.R § 1630.2(i); *Heiko v. Colombo Sav. Bank*, 434 F.3d 249, 255 (4th Cir. 2006). In determining whether an impairment to a major life activity is substantially limiting, courts may consider the "nature and severity of the impairment, its duration or expected duration, and any permanent or long-term impact." 29 C.F.R § 1630.2(j)(2); *Settle v. S.W. Rodgers, Co., Inc.*, 998 F. Supp. 657, 661 (E.D. Va. 1998).

In order to survive a motion to dismiss, a plaintiff is required to set forth facts supporting his claim for relief and may not rely simply on conclusory legal terms. *Bass v. I.E. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). However, the Supreme Court has rejected a heightened pleading requirement in employment discrimination cases and held instead that a plaintiff must comply with Rule 8(a)(2) and provide "a short and plain statement of the claim." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002); *Fletcher v. Tidewater Builders Ass'n, Inc.*, 216 F.R.D 584, 589 (E.D. Va. 2003). Of course, a motion to dismiss should only be granted where, construing the allegations in the light most favorable to the plaintiff and assuming the facts alleged to be true, it is clear that no relief could be granted under any set of facts that could be proven consistent with the complaint. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989); *Settle*, 998 F. Supp. at 661.

Here, the mere fact that Plaintiff did not use the words "disability" or "substantially" in describing his condition does not render his complaint fatally inadequate. Pleadings must be construed liberally, *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506 (1959), and it would be

inconsistent with Rule 8(f) to require a plaintiff to use particular terms or "magic" words when the facts pled in the complaint support a claim for relief. *Settle v. S.W. Rodgers Company., Inc.*, 998 F. Supp. 657 (E.D. Va. 1998), is not to the contrary. There, the court dismissed the plaintiff's ADA claim because he failed to allege that his impairment, a torn rotator cuff, substantially limited major life activity. Even assuming that the injury affected the major life activities of working and lifting, the court held that the complaint contained no allegations that it was substantially limiting. *Id.*

Here, in contrast, it is plain from the facts pled in the amended complaint that Plaintiff's impairment affects a major life activity. Walking and performing manual tasks are defined by the EEOC as major life activities. 29 C.F.R. 1630.2(i). Although the EEOC regulations are not controlling on the courts, they "constitute a body of experience and informed judgment to which courts . . . may properly resort for guidance." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). Plaintiff's complaint states that he cannot walk more than fifty yards at a time without resting and that he cannot lift or strain, and hence he has pled facts supporting an impairment that affects a major life activity.

The question then becomes whether this impairment substantially limits those major life activities. Plaintiff's amended complaint discloses that Plaintiff has suffered from Syringomyelia since at least August of 1998, and hence his impairment is clearly not a short-term one. Further, the allegations in the complaint indicate that the condition has fairly significant impacts on his life. Plaintiff's limited mobility, inability to lift, and right-side weakness all indicate that he is significantly restricted in the manner and duration in which he can perform the major life activities of walking and doing manual tasks. *See* 29 C.F.R. § 1630.2(j). Hence, taking all the

facts alleged in the amended complaint as true and granting Plaintiff all reasonable inferences, the Court determines that Plaintiff has sufficiently pled a disability to survive a motion to dismiss.

## III

Having considered Defendant's objections, the supporting memorandum, and the applicable law, as well as the Report and Recommendation, the Court determines that Defendant's objections to the Report should be overruled and Defendant's motion to dismiss should be granted as to Plaintiff's FMLA claim and denied as to his ADA claims.

An appropriate order shall issue this day.

ENTERED: _____
U.S. District Judge

_____
Date